NOT DESIGNATED FOR PUBLICATION

No. 115,923

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KELLY NIEMIEC,
*Appellant*,

v.

ROBERT IZARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; GERALD T. ELLIOTT, judge. Opinion filed July 14, 2017. Affirmed.

*Bruce W. Beye*, of Overland Park, for appellant.

*Mark C. Wilson*, of Wilson Law, LLC, of Lenexa, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.

*Per Curiam*: Kelly Niemiec appeals from a judgment of the district court finding that she had breached a contract with Robert Izard by improperly preventing Izard from completing his contractual undertakings.

The findings of the district court are based on substantial competent evidence and support the legal conclusion reached. We affirm the judgment as entered.

1

*Factual and Procedural Background*

In the late summer of 2015, Niemiec hired Izard to paint the interior of a home she had just purchased. Izard was been referred to Niemiec by her real estate agent, Becky Watts. The contract was originally for Izard to paint the first floor walls with one coat in the same color as they currently were, for which he was to be paid $2,000. The project was later expanded to include additional rooms, ceilings, and trim, and Niemiec was allowed to choose a different color of paint. Izard was to be paid an additional $1,600. The arrangements were made orally and included few specific details. No completion date was specified.

Izard commenced his work after the Labor Day weekend. Niemiec had not yet moved into the residence but she periodically checked on the work. She sent Izard several text messages and/or e-mails expressing her satisfaction with the progress and effusively praising the results of Izard's work and his skills. She paid Izard $1,000 after he had been working for several days.

Eventually, however, Niemiec began to lose confidence in Izard's work and abilities and terminated the contract before he completed the work. Izard was not allowed to rectify items after Niemiec and her friend, Kelly Blankenship, pointed out what they considered to be deficiencies in his performance, although he repeatedly stated that he was ready and willing to complete the work.

After Izard requested payment for the work he had performed, Niemiec filed suit against him for breach of contract, alleging that he had not performed in a workmanlike manner. She also claimed violations of the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.*

The district court conducted a bench trial. Niemiec first called Steven Kelly, a professional painter with 30 years of experience, to testify as to the various deficiencies he observed in Izard's work. Kelly rendered his opinion that Izard's work was consistently "unprofessional" and "unworkmanlike" based on numerous photos which were introduced into evidence. On cross-examination Kelly admitted that he was unaware that Niemiec had not allowed Izard to finish the job. He further agreed that it would be unfair for someone to judge the work until it was completely done. Although Kelly opined that he did not think that Izard's work could be repaired, he reluctantly agreed that he did not know what Izard was going to do to finish the job so he did not know what the house would look like after he was done. Kelly also agreed that there is nothing unworkmanlike about going back over painted work later and removing mistakes with paint thinner.

Niemiec testified that she had lost confidence in Izard's ability to properly complete the job, especially after going through the house with Blankenship. She admitted that she sent the text messages indicating her satisfaction with work, but she claimed that the quality of the work shown in the pictures Izard sent her was not verified upon her up-close, on-site observations. She also testified that she had not expressed any serious concerns about how long Izard was taking to complete the job, although she was anxious to move in. She acknowledged that she had paid Izard $1,000 after he had been on the job about 10 days, even though she had begun to have doubts about his work.

Izard testified on his own behalf that he was a self-trained, self-employed painter with 3 years' experience. He offered to provide Niemiec with references from prior jobs, but she declined. He insisted that although some of his work shown in the photos could be characterized as unworkmanlike, the job was a "work in progress" and he had assured Niemiec that all her concerns could and would be corrected to her 100% satisfaction before the job was completed. He did suggest some of the problems related back to the prior owners and that some of Niemiec's complaints were beyond the scope of the work

3

contracted for. He estimated that it would have taken about 4 to 5 more days to complete the job.

Upon conclusion of the evidence and summation by counsel, the district judge retired to chambers to review his notes and refresh his understanding and appreciation of the proposed findings and conclusions which each of the parties had submitted. Upon his return to the courtroom, he ruled that Niemiec, not Izard, had breached the contract, finding Niemiec had prevented Izard from performing his duties under the contract. He found Izard was excused from the remainder of his duties and was entitled to recover payment for the work he had performed. (The trial court also found that Neimic did not present sufficient evidence to establish a willful violation of the Kansas Consumer Protection Act. This ruling is not challenged in her appeal.) Izard was awarded judgment in the amount of $2,320 for the work he had performed prior to Niemiec's termination of the contract.

Niemiec timely filed her notice of appeal.

*The trial judge did not err in determining that Niemiec breached the contract.*

Neimic argues that Izard's failure to adequately perform excused her from the contract. Izard criticizes this contention, arguing that it would allow a party to rescind a contract at any time if the party thought work was not being done in a workmanlike fashion, even if only partially performed. Izard argues that the principle of prevention was properly applied to prevent Niemiec from benefitting from her own premature abandonment of the contract.

K.S.A. 2016 Supp. 60-252(a) provides:  "In an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately." The district judge herein did so, both orally on the record and in a

4

corresponding written journal entry of judgment. The district court's findings of fact are reviewed under a substantial competent evidence standard. *Cresto v. Cresto,* 302 Kan. 820, 835, 358 P.3d 831 (2015). Substantial evidence possesses both relevance and substance and provides a substantial basis of fact from which the issue can reasonably be resolved. *Wiles v. American Family Life Assurance Co.,* 302 Kan. 66, 73, 350 P.3d 1071 (2015). An appellate court does not reweigh the evidence or pass on the credibility of the witnesses. *Cresto,* 302 Kan. at 835. The trial judge's conclusions of law are reviewed de novo. See *Gannon v. State,* 298 Kan. 1107, 1176, 319 P.3d 1196 (2014).

In this case, Niemiec does not directly dispute the trial court's factual finding she terminated the contract with Izard prior to his completion of the work. Rather, she purports only to contest the legal conclusion she had no right to rescind the contract. In this regard, however, Niemiec fails to address, refute, or distinguish the legal authorities cited and relied upon by the district court in both its oral pronouncement and its subsequent written journal entry of judgment.

The right to rescind a contract, thereby discharging the rescinding party's contractual duties, does not arise in every breach. *State v. Jones*, 47 Kan. App. 2d 109, 113, 271 P.3d 1277 (2012).

> """[T]he breach of contract must be material and the failure to perform so substantial as to defeat the object of the parties in making the agreement. A breach which goes to only a part of the consideration, which is incidental and subordinate to the main purpose of the contract, does not warrant a rescission.""" *Jones*, 47 Kan. App. 2d at 113 (quoting *City of Shawnee, Kan. v. AT&T Corp.*, 910 F. Supp. 1546, 1553 [D. Kan. 1995]).

The trial judge determined that, in a contract implied in fact, Niemiec contracted to have Izard paint the first and second floors and the trim in her home. When Niemiec canceled the contract, Izard had not yet finished painting the requested surfaces. Although Kelly, the expert painter, testified that Izard's work thus far was subpar, Kelly

5

had not seen the surfaces prior to painting and so could not determine whether the ripples and warps he observed were already present. Additionally, Kelly testified that it is acceptable to go back and clean accidental paint spills later—an opportunity Izard was not afforded although he had planned to. Kelly further stated that although he would have completed the work in a different manner, other methods of painting are not necessarily incorrect.

In considering the conflicting evidence presented by the parties, the district judge candidly noted that "[t]his is not a one-sided case by any stretch of the imagination." With regard to evidence which showed work not done in a workmanlike manner, the judge stated: "[T]he Court believes and accepts the testimony of Mr. Izard that this painting process was a process which was in the process of being done, was not completed, and that he was ready, willing and able to complete his obligations under the contract had he had been allowed to do so." Thus, under the facts of this case, since Izard had not yet materially breached the contract, Niemiec was not yet allowed to rescind. What, if any, relief Niemiec may have ultimately had upon the completion of Izard's work is not before this court.

Kansas courts imply a duty of good faith and fair dealing in every contract. This means that a party cannot intentionally prevent the other party from completing its contractual duties or do anything that would destroy or injure the right of that other party to receive the fruits of the contract. *Inter-Americas Ins. Corp. v. Imaging Solutions Co.*, 39 Kan. App. 2d 875, 887, 185 P.3d 963 (2008).

Since Niemiec effectively prevented any possibility Izard could complete his work, the district court reached the correct legal conclusion that Niemiec, rather than Izard, had breached the contract. Izard was entitled to be paid for the work that he performed prior to the termination. The amount of the monetary judgment entered is in accord with the evidence introduced by Izard at trial.

6

Affirmed.